

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

May 2, 2024

**BY ECF**

Honorable Loretta Preska
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

      Re:    *United States* v. *Winston Smith*, 08 Cr. 379, 12 Cr. 189 (LAP)

Dear Judge Preska:

      The Government submits this letter in advance of the May 8, 2024, sentencing of defendant Winston Smith ("Smith" or the "Defendant"). For the reasons set forth below, the Government respectfully submits that a sentence within the applicable Guidelines range of 12 to 18 months' imprisonment would be sufficient but not greater than necessary to serve the purposes of sentencing in this case.

**I.    Offense Conduct and Criminal History**

      In April 2008, the Defendant was charged in this district via complaint with conspiracy to distribute cocaine and marijuana, in violation of Title 21, United States Code, Section 846. (PSR ¶ 7). The Defendant was indicted later that month, and a grand jury returned a superseding indictment in July 2008. *See* S1 Indictment, 08 Cr. 379 (LAP), Dkt. 24. The S1 Indictment similarly charged the Defendant with conspiracy to distribute cocaine and marijuana. *See* S1 Indictment, 08 Cr. 379 (LAP), Dkt. 24. Following his arrest, the Defendant was released principally on a $300,000 bond secured by $10,000 in cash and a residence in the Bronx. (PSR ¶ 7). The bond was signed by the Defendant and five co-signers. (PSR ¶ 7). The Defendant was also placed on pretrial supervision and instructed to remain in the Southern and Eastern Districts of New York.

      Trial in that case was scheduled to begin January 5, 2009. (PSR ¶ 8). In anticipation of trial, Judge Patterson, who previously presided over the case, held a conference on December 9, 2008, at which the Defendant was expected to consider a plea.[1] (PSR ¶ 8). The Defendant,

---

[1] It is the Government's understanding that the plea offer the Defendant was considering at that time was a plea to one count of conspiracy to distribute marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).

Hon. Loretta Preska                                                                                                          Page 2
May 2, 2024

however, failed to appear for that conference, as well as for subsequent conferences set for December 10, 2008 and December 11, 2008. (PSR ¶ 8).

In light of the Defendant's failure to appear on December 9, 2008, Judge Patterson issued a warrant for his arrest. In subsequent litigation regarding the forfeiture of the bond, the co-signers to the Defendant's bond indicated that the Defendant was in Jamaica and that he had declined their invitation to return to the United States. (PSR ¶ 8).

In February of 2012, the Government indicted the Defendant for bail jumping based on his failure to appear for the December 9, 2008 pre-trial conference. (PSR ¶ 9). *See* Indictment, 12 Cr. 189 (LAP).

More than ten years later, on February 28, 2023, the Defendant was stopped by Panamanian authorities while travelling through Panama and deported to the United States. (PSR ¶ 10). The Defendant arrived in Washington, D.C. on March 1, 2023 and was taken into federal custody; he arrived in New York on March 14, 2023. (PSR ¶ 10).

## II.     Procedural History and Applicable Guidelines Range

On December 7, 2023, the Defendant pled guilty to Count One of the 12 Cr. 189 indictment, which charges the Defendant with bail jumping, in violation of 18 U.S.C. § 3146(a)(1) and (b)(1)(A)(i). As part of the plea agreement ("Plea Agreement"), the Government agreed that at the time of sentencing it would move to dismiss any open counts against the Defendant, including the narcotics conspiracy charge contained in the S1 Indictment in the underlying narcotics case, 08 Cr. 379 (LAP).

Pursuant to the terms of a plea agreement, the parties agreed that the Defendant's offense level under the Guidelines was 13 and that his criminal history category was I, resulting in a Guidelines sentencing range of 12 to 18 months' imprisonment. (PSR ¶ 4). Although an initial PSR issued by the Probation Department on February 27, 2024, calculated the Defendant's offense level as 11, a revised PSR issued by the Probation Department on March 28, 2024 calculates the offense level as 13, consistent with the Guidelines calculation contained in the plea agreement.

In his sentencing submission, however, the Defendant now argues that the Guidelines calculation contained in the February 27, 2024 PSR, which results in an offense level of 11 and an accompanying Guidelines range of 8-14 months' imprisonment, is the appropriate calculation. The Defendant is incorrect for the following reasons.[2]

The disputed Guidelines issue is whether the Defendant's 2003 conviction for harassment in the second degree in Bronx County Criminal Court, a violation for which the Defendant was

---

[2] Additionally, although the Plea Agreement provides that the parties may "seek an appropriately adjusted Guidelines range if it is determined that based upon new information that the defendant's criminal history category is different from that set forth above," there is no "new information" that has been discovered that would permit the Defendant to make such a challenge under the terms of the plea agreement. To the contrary, the existence of the Defendant's harassment conviction was contained in the plea agreement itself.

sentenced to a conditional discharge,[3] is counted for purposes of criminal history. If the conviction is not counted, the Defendant has zero criminal history points and his offense level is reduced by two levels – from 13 to 11—pursuant to U.S.S.G. § 4C1.l(a) and (b).

The Defendant argues that his harassment conviction does not count for Guidelines purposes because it is "similar to" the excluded offenses listed under U.S.S.G. § 4A1.2(c)(1). *See* Def't Submission at 8-10; *see United States v. Morales*, 239 F.3d 113 (2d Cir. 2000). The Guidelines, however, provide that convictions for offenses "similar to" certain listed excluded offenses are counted if the imposed "sentence was a term of probation of more than one year . . . ." U.S.S.G. § 4A1.2(c)(1). Thus, setting aside whether harassment in the second degree is "similar to" the offenses listed in § 4A1.2(c)(1), if the Defendant was sentenced to a term of probation of more than one year, the conviction is counted for Guidelines purposes.

In this case, although the Defendant was not sentenced to probation for his harassment conviction, he was sentenced to a conditional discharge, and the Second Circuit has held that conditional discharge constitutes "probation" for the purposes of U.S.S.G. § 4A1.2(c)(1). *See United States v. Ramirez*, 421 F.3d 159 (2d Cir. 2005); *see also United States v. Detke*, 650 Fed App'x 85 (2d Cir. 2016). Moreover, under New York law, the period of conditional discharge for a violation (which is what harassment in the second degree is) is one year, *see* N.Y. Penal L. § 65.05; *see also Detke*, 650 Fed App'x 85, 88 n.7. Thus, even if the Defendant's harassment conviction is "similar to" the excluded offenses, the conviction counts under U.S.S.G. § 4A1.2(c)(1) because the Defendant was effectively sentenced to probation for a one-year period.

### III. Discussion

#### A. Applicable Law

Following *United States v. Booker*, 543 U.S. 220 (2005), and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005), the Guidelines still provide strong guidance for sentencing courts. Although *Booker* held that the Guidelines are no longer mandatory, it also held that they remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264. As the Supreme Court stated, "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," which "should be the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007).

Following that calculation, however, a sentencing judge must consider the seven factors outlined in Title 18, United States Code, Section 3553(a), when imposing a sentence. They are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the purposes of sentencing, as set forth below; (3) "the kinds of sentences

---

[3] Based on a review of the Defendant's rap sheet, it appears he was arraigned in Bronx County Criminal Court on June 5, 2003 on charges of assault in the third degree, unlawful imprisonment in the second degree, acting in a manor to injury a child less than 17, and harassment in the second degree involving physical contact. The Defendant proceeded to trial in October of 2003 and was acquitted of all charges except harassment in the second degree (physical contact), in violation of New York Penal Law § 240.26(1), for which he was sentenced to a conditional discharge.

available"; (4) the Guidelines range itself; (5) any relevant policy statement by the Sentencing Commission; (6) "the need to avoid unwarranted sentence disparities among defendants"; and (7) "the need to provide restitution to any victims," 18 U.S.C. § 3553(a)(1)-(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
(B) to afford adequate deterrence to criminal conduct;
(C) to protect the public from further crimes of the defendant; and
(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

### B. A Guidelines Sentence of 12 to 18 Months' Imprisonment is Appropriate in this Case

In this case, the Government believes that the nature and circumstances of the Defendant's conduct as well as the purposes of sentencing weigh in favor of imposing a Guidelines sentence.

The Defendant's conduct in this case was serious. At the time of his flight, he was facing significant criminal charges. Instead of answering those charges, he fled the country and remained at large for over 14 years. The Defendant's obstructionist behavior has made it very challenging for the Government to prosecute his underlying narcotics case, as evidence has aged and memories have faded.

Furthermore, the Defendant's conduct needs to be met with a serious penalty in order to deter any similar future conduct by the defendant and generally deter such behavior by other defendants. Without the imposition of a meaningful sentence, should the Defendant ever again face criminal charges, he may well decide that the best way to "beat the system" is simply to flee and hope that enough time passes before he is caught to thwart his prosecution. Similarly, absent the imposition of a meaningful sentence, other defendants could similarly decide that their best course of action is not to abide by the terms of pre-trial release and answer the allegations in Court, but to flee the district or the country.

Accordingly, in order to reflect the seriousness of the Defendant's conduct and deter similar future conduct by the Defendant and others, the Government respectfully requests that the Court impose a Guidelines sentence in this case.

Hon. Loretta Preska                                                                                                           Page 5
May 2, 2024

## Conclusion

For the reasons set forth above, the Government respectfully requests that the Court impose a Guidelines sentence in the range of 12 to 18 months' imprisonment.[4]

Respectfully submitted,

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____
Maggie Lynaugh
Assistant United States Attorney
(212) 637-2448

cc: Karloff Commssiong, Esq. (via ECF)

---

[4] In light of recent Second Circuit decisions, the Government respectfully requests that, for each special condition of supervised release that the Court intends to impose, the Court briefly state its reasons for concluding that each such special condition is "reasonably related" to at least one of the factors set forth in U.S.S.G. § 5D1.3(b). *See, e.g.*, *United States v. Sims*, 92 F.4th 115 (2d Cir. 2024) (vacating special condition and remanding for district court to provide sufficient explanation for imposition of condition); *United States v. Oliveras*, 96 F.4th 298 (2d Cir. 2024) (same); *United States v. Jimenez*, No. 22-1022, 2024 WL 1152535 (2d Cir. Mar. 18, 2024) (summary order) (same).